Mr. Robert Bruce Snow Attorney for Hernando County 20 North Main Street Room 462 Brooksville, Florida 34601
Mr. Phil Trovillo Attorney for the Withlacoochee Regional Planning Council Post Office Box 5024 Ocala, Florida 34478-5024
Dear Mr. Snow and Mr. Trovillo:
Hernando County and the Withlacoochee Regional Planning Council (council) jointly request an opinion on substantially the following question:
Must Hernando County, as a member of the Withlacoochee Regional Planning Council, pay dues to the council?
In sum:
As long as Hernando County is a party to the Inter- Local Agreement that controls the activities of the Withlacoochee Regional Planning Council, the county must abide by the terms of the agreement and pay its per capita appropriation when such appropriation has been adopted by a three-fifths majority of the members of the council and approved by official action of at least three county commissions represented on the council.
You have provided this office with a copy of an amendment to an interlocal agreement wherein the parties state that the agreement is to be construed as if it were adopted pursuant to Chapter 163, Florida Statutes. It is assumed, therefore, for purposes of this letter that the provisions of Chapter 163, Florida Statutes, are applicable.
Section 163.01, Florida Statutes, the "Florida Interlocal Cooperation Act of 1969" (act), states that its purpose is to
permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.[1]
As an entity created pursuant to Chapter 163, Florida Statutes, the council's joint activities are controlled by a contract in the form of an interlocal agreement.[2] Such a contract created by an interlocal agreement may provide for the following:
(a) The purpose of such interlocal agreement or the power to be exercised and the method by which the purpose will be accomplished or the manner in which the power will be exercised. (b) The duration of the interlocal agreement and the method by which it may be rescinded or terminated by any participating public agency prior to the stated date of termination.
* * *
(d) The manner in which the parties to an interlocal agreement will provide from their treasuries the financial support for the purpose set forth in the interlocal agreement; payments of public funds that may be made to defray the cost of such purpose; advances of public funds that may be made for the purposes set forth in the interlocal agreements and repayment thereof; and the personnel, equipment, or property of one or more of the parties to the agreement that may be used in lieu of other contributions. (e.s.) (e) The manner in which funds may be paid to and disbursed by any separate legal or administrative entity created pursuant to the interlocal agreement.[3]
The act contemplates that the interlocal agreement will, among other things, direct the financial obligations of the parties to the agreement. In this instance, the interlocal agreement provides that "[e]ach of the county governmental units represented on the council shall appropriate funds on a per capita basis as may be necessary or desirable for the purpose of carrying out the provisions of Chapter 163 and the powers and duties of the council."[4] The appropriation must be based on the most current annual population estimates by the Department of Administration of the State of Florida[5] and shall not exceed fifty (50) cents per capita of the population of each member county.[6] The agreement states, however, that "[n]o appropriation shall become effective until it has been adopted by a three-fifths (3/5) vote of the full council and approved by the official action of at least three (3) of the Boards of County Commissioners represented on the council."[7]
Thus, the agreement directs that the appropriation must be adopted by a three-fifths majority of the full council and approved by official action of at least three of the county commissions represented on the council before it is effective. Once these requirements have been satisfied, it would appear that the appropriation is binding on the member counties of the council. While the act recognizes that an interlocal agreement may provide for its duration a method by which it may be rescinded or terminated by any participating public agency prior to the stated date of termination, the agreement in this instance does not prescribe a manner by which a participating county may independently remove itself from the agreement's operation or unilaterally decline to contribute its share of the appropriation for the council.[8]
Inasmuch as it is beyond the authority of this office to add language to or modify the meaning of a duly enacted statute, similarly it would appear that this office does not possess the authority to provide additional terms to a contract that has been entered into by its parties.[9] Thus, this office may not add language to the Inter-Local Agreement to address the voluntary removal of a member county. Modification of the terms of the Inter-Local Agreement would have to be made in the manner prescribed therein.[10]
I would note that section 186.504(1), Florida Statutes, states:
A regional planning council shall be created in each of the several comprehensive planning districts of the state. Only one agency shall exercise the responsibilities granted herein within the geographic boundaries of any one comprehensive planning district.
Comprehensive planning districts are geographic areas within the state designated by the Executive Office of the Governor.[11] The Legislature mandates in section 186.006(3), Florida Statutes, that the Executive Office of the Governor designate the geographic boundaries of comprehensive planning districts. Pursuant to this mandate, that office promulgated Rule 27E-1.002, Florida Administrative Code, designating as a regional comprehensive planning district District 5, composed of Levy, Marion, Citrus, Sumter, and Hernando counties.
In light of the legislative directive as to how a regional planning district will be designated and the subsequent designation of the membership of District 5 by the Executive Office of the Governor, it would appear that any alteration to the district's designation and the composition of its membership would need to be addressed by that office or the Legislature. As discussed above, however, in this instance the activities of the council are governed by the Inter-Local Agreement.
Accordingly, it is my opinion that as long as Hernando County is a party to the Inter-Local Agreement that controls the activities of the Withlacoochee Regional Planning Council, the county must abide by the terms of the agreement and pay its per capita appropriation when such appropriation has been adopted by a three-fifths majority of the members of the council and approved by official action of at least three county commissions represented on the council.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 163.01(2), Fla. Stat. (1993).
[2] See, s. 163.01(5), Fla. Stat. (1993).
[3] Id.
[4] Section XIII, BUDGET AND FINANCE, Inter-Local Agreement among the Boards of County Commissioners of Citrus County, Hernando County, Levy County, Marion County, and Sumter County, dated September 15, 1977.
[5] Section XIII(1) of the Inter-Local Agreement. It should be noted that s. 1, Ch. 92-279, Laws of Florida, abolished the Department of Administration and merged most of its functions into the Department of Management Services.
[6] Section XIII(2) of the Inter-Local Agreement.
[7] Section XIII(3) of the Inter-Local Agreement.
[8] While Section XIII(5) of the Inter-Local Agreement provides for the submission of the council's tentative annual budget to the governmental units represented on the council at least three (3) weeks prior to its adoption for "approving or disapproving the proposed budget and necessary appropriation," this language does not conflict with, but rather implements, the manner of obtaining the three-fifths majority vote and the approval by the official acts of three members of the council. See also, Section XIII(6) of the agreement stating that the budget for the council may not be amended to increase the per capita appropriation by the constituent counties without the unanimous consent of the governing bodies of the constituent counties.
[9] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974), and Op. Att'y Gen. Fla. 87-43 (1987).
[10] See, Section XIV of the Inter-Local Agreement.
[11] See, s. 186.503(1), Fla. Stat. (1993).